BANK OF MOUNT AIRY v. GREENSBORO LOAN AND TRUST
COMPANY.

(Filed 1 May, 1912.)

1. **Banks—Certificates of Deposit—Bills and Notes—"Indorsements Guaranteed"—Words and Phrases.**

    The indorsement on a certificate of deposit by a forwarding bank, sent to its correspondent bank for collection, reading "indorsements guaranteed," is merely to satisfy the bank issuing the certificate of the genuineness of the indorsements.

2. **Banks—Certificates of Deposit—Bills and Notes—Indorsers—Presentment for Payment—Laches—Debtor and Creditor.**

    A bank to whom a certificate of deposit had been sent by another bank for collection did not present the certificate of deposit to the payor bank for thirty-six days, but remitted promptly to the forwarding bank; and upon failure of the payor bank to redeem the certificate, demanded the amount thereof of the forwarding bank, and upon payment being refused, brings its action thereon, the defense being that the delay in presentment for payment had released a solvent indorser: *Held*, the delay of the plaintiff bank in presenting the paper for payment released the defendant bank from all obligations thereon, and the plaintiff having paid the certificate, could not, without the consent of the defendant, make itself the creditor of the latter, and recovery was properly denied it.

APPEAL by plaintiff from *Lyon, J.*, at August Term, 1911, of SURRY.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*S. P. Graves and Folger & Folger for plaintiff.*
*Douglas & Douglas for defendant.*

CLARK, C. J. On 23 November, 1910, the First National Bank of Mount Airy issued a certificate of deposit to J. T. Cook for $500 and bearing 4 per cent interest, if held three months. The same was indorsed: "Pay any bank or banker or order; prior indorsements guaranteed. 17 January, 1911. Greensboro Loan and Trust Company, Greensboro, N. C., W. E. Allen, cashier." Above this indorsement was written the name of J. T. Cook, duly witnessed, and D. Marks. This certificate

with the above indorsements was sent to the plaintiff, Bank of Mount Airy, by the defendant, the Greensboro Loan and Trust Company, 17 January, 1911, "for collection," with instructions to "return promptly, if not honored." On the next day the plaintiff remitted the defendant the amount of the certificate, $500, less $1.25 exchange, to wit, $498.75. The plaintiff did not present the certificate to the First National Bank of Mount Airy, which had issued the certificate, till 23 February. It refused acceptance and payment; thereupon the plaintiff notified the defendant that it would look to the defendant for payment.

The evidence in the case is that the indorsement of J. T. Cook was genuine, but that he was insolvent and prior to 18 January had drawn out all of his deposit except $170. The defendant relies upon the fact that it sent the certificate of deposit to the plaintiff for collection and with instruction to report immediately; that the indorser, D. Marks, was solvent, and that if the plaintiff had promptly presented this certificate and it had not been paid it would have looked to Marks for payment. The defendant contends that the plaintiff did not make prompt presentation for payment and took the risk because it desired to receive the accruing interest for three months, which became due on 23 February.

The defendant sent the certificate of deposit to the plaintiff for collection, and it guaranteed the signatures of the indorsers merely to satisfy the bank issuing the certificate, and the evidence is that those signatures are genuine. The plaintiff could not make itself the creditor of the defendant without the latter's consent. There was no laches on the part of the defendant and there was negligence on the part of the plaintiff in not presenting the certificate at once for payment, and also in remitting to the defendant when it had not collected the sum due on the certificate which had been sent to it, not as purchaser, but merely for collection. In *Bank v. Kenan,* 76 N. C., 340, it was held that when commercial paper is sent to a bank for collection it is the duty of the bank to make presentment for payment at maturity. If it is not then paid, the bank must fix the liability of the drawer by protest and notice of dishonor,

JONES *v.* FLYNT.

and if it fails in any of these duties it becomes liable in damages. ` It was held in that case that it was no excuse that if the check had been presented for payment it would not have been paid. The failure of the bank to present for acceptance and payment made the check its own, and it was liable for the amount thereof.

Here the plaintiff received this paper for collection on 18 January, and did not present it for payment till 23 February, a delay of thirty-six days. This would have made it liable, if it had not remitted the amount to the defendant, and having remitted, it certainly cannot recover back.

The judgment directing a nonsuit must be

Affirmed.